IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MCARDLE FAMILY PARTNERSHIP,**

    **Plaintiff,**

  v.                                            CIVIL NO. 1:22-CV-01
                                                        (KLEEH)

**ANTERO RESOURCES CORPORATION,
KEY OIL COMPANY, and
FRANKLIN L. BUTLER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO
RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR
STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL
AND CLASS ACTION COMPLAINT [ECF NO. 98]**

Pending before the Court is *Defendant Antero Resources Corporation's Partial Motion to Dismiss and/or Strike Class Allegations of the Second Amended Individual and Class Action Complaint* [ECF No. 98]. For the reasons discussed herein, the partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and the motion to strike is **DENIED**.

### I. FACTS

The following facts are taken from the Second Amended Individual and Class Action Complaint (the "Second Amended Complaint"). For purposes of analyzing the motion to dismiss, the Court assumes that they are true.

The Plaintiff, the Mcardle Family Partnership ("Plaintiff"), owns mineral royalty interests in various mineral estates situate

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

in Doddridge County, West Virginia. Second Am. Compl., ECF No. 95, at ¶ 1. Defendant Antero Resources Corporation ("Antero") operated and developed certain Marcellus Shale oil and gas estates in which Plaintiff possesses an interest. Id. ¶ 2. Defendant Key Oil Company ("Key Oil") operated and developed certain shallow well oil and gas estates in which Plaintiff possesses an interest. Id. ¶ 3. Defendant Franklin L. Butler ("Butler") "is a party to this litigation in his capacity as a purported indispensable party solely within the context of Count [Two]." Id. ¶ 4. Plaintiff alleges that Antero and Key Oil are liable for underpayment, nonpayment, and untimely payment of oil and gas royalties. Plaintiff also brings class action claims against Antero only.

By assignment recorded May 9, 2008, Plaintiff became vested with a 1/16 gross income overriding royalty interest in portions of what is collectively referred to as the Corlis P. Hudson lease, an approximately 491-acre mineral leasehold estate situate in the Central District of Doddridge County. Id. ¶ 18. Pursuant to the overriding royalty payment language, Plaintiff is to be paid "one-sixteenth (1/16) of the gross income derived from the sale of oil and gas from the aforesaid leases and/or any and all wells which may be drilled thereupon, free from costs of exploration, operation, maintenance or abandonment . . . ." Id. ¶ 21.

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

Plaintiff has received partial payment associated with the Hudson 1/16 gross overriding royalty interest, but only on a "net" basis, after Antero took substantial, unwarranted deductions. Id. ¶ 22.

Plaintiff also acquired additional interests which were previously held corporately by James Drilling Corporation. Id. ¶ 23. Specifically, by assignment recorded May 9, 2008, Plaintiff became vested with interests in the following leasehold estates: (1) the approximately 491-acre Hudson lease, (2) the approximately 34-acre W.D. Towner lease situate in the Central District of Doddridge County, and (3) the approximately 97-acre Stone lease situate in the Central District of Doddridge County. Id. ¶ 24.

The Hudson corporate net profits interest is to be paid to Plaintiff as follows: "an amount equal to [1/64] of the gross income from all oil and/or gas which may be produced and sold by virtue of said leases, free from costs of exploration, operation, maintenance or abandonment." Id. ¶ 25. The Towner overriding royalty is to be paid to Plaintiff as follows: "free of cost . . . a one-thirty-second (1/32) interest in all oil or gas produced from any and all wells drilled on the aforesaid tract of real estate, which interest is called or known as an over-ride, free and clear of all drilling, equipping and operating, and to pay to, or see that said income, if any, is paid direct to said

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 4 of 17 PageID #: 16899

MCARDLE V. ANTERO                                                1:22-CV-01

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

first party." Id. ¶ 27. The Stone overriding royalty is to be paid to Plaintiff as follows: "free of cost . . . a one-thirty-second (1/32) interest in all oil or gas produced from any and all wells drilled on the aforesaid tract of real estate, which interest is called or known as an over-ride, free and clear of all drilling, equipping and operating, and to pay to, or see that said income, if any, is paid direct to said first party." Id. ¶ 29.

Key Oil has drilled numerous shallow wells pursuant to the underlying leasehold interests identified, and Antero has similarly drilled on the underlying Stone, Hudson, and Towner leases, portions of which Antero acquired from Key Oil. Id. ¶ 33. Despite Key Oil's activities on the site, Key Oil has failed to pay royalties on production therefrom. Id. ¶ 35. Plaintiff has not been paid any royalties on the Hudson corporate net profits interest, the Towner lease, or the Stone lease. Id. ¶¶ 26, 28, 30, 57.

Plaintiff proposes the following class definition:

<u>The "Class"</u>

> Persons and entities, including their respective successors and assigns, to whom Antero has paid overriding royalties ("ORRI Royalties") on oil and natural gas, produced by Antero from wells located in West Virginia at any time since April 15, 2012, pursuant to overriding royalty agreements (the "Royalty

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 5 of 17   PageID #: 16900

MCARDLE V. ANTERO                                              1:22-CV-01

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

Agreements") which do not expressly allow deductions for costs and expenses (excluding taxes)(the "Class").

### The "Gross Income Subclass"

Persons and entities, including their respective successors and assigns, to whom Antero has paid ORRI Royalties on oil and natural gas, produced by Antero from wells located in West Virginia at any time since April 15, 2012, pursuant to the ORRI Agreements which do not expressly allow deductions for costs and expenses (excluding taxes) and expressly state that the ORRI Royalties should be paid on a "gross income" basis (the "Gross Income Subclass").

### The "Free of Cost Subclass"

Persons and entities, including their respective successors and assigns, to whom Antero has paid ORRI Royalties on oil and natural gas, produced by Antero from wells located in West Virginia at any time since April 15, 2012, pursuant to ORRI Agreements which do not expressly allow deductions for costs and expenses (excluding taxes) and expressly state that the ORRI Royalties should be paid "free of costs" (the "Free of Cost Subclass").

### Excluded From the Class

Excluded in the Class, Gross Income Subclass, and Free of Cost Subclass are: (1) agencies, departments, or instrumentalities of the United States of America; (2) publicly traded oil and gas exploration companies; (3) any person who is or has been a working interest owner in a well produced by Antero in West Virginia; and (4) Antero.

5

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 6 of 17 PageID #: 16901

**MCARDLE V. ANTERO**                                                                    **1:22-CV-01**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

Id. ¶ 10. Plaintiff asserts that each of the requirements for certification of a class is satisfied. Id. ¶¶ 11-17.

Based on these facts, Plaintiff brings the following causes of action:

Individuals Claims for Relief

- (Count One) Breach of Contract/Implied Duty to Market (against Antero – improper deductions) (Hudson Mineral Acreage – 1/16 overriding royalty);

- (Count Two) Breach of Contract (against Antero, Key Oil, Butler – failure to pay) (Towner, Stone, and Hudson Mineral Acreage);

- (Count Three) Breach of Statutory Obligation to Pay Interest (against Antero);

- (Count Four) Constructive Fraud (against Antero);

Class Claims for Relief

- (Count Five) Breach of Contract/Implied Duty to Market (against Antero – improper deductions and overriding royalty payments);

- (Count Six) Constructive Fraud (against Antero); and

- (Count Seven) Breach of Statutory Obligation to Pay Interest (against Antero).

Antero moves to dismiss Counts Three, Four, Six, and Seven; moves to dismiss requests for punitive damages and attorneys' fees; and moves to strike the class allegations.

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 7 of 17   PageID #: 16902

**MCARDLE V. ANTERO**                                                    **1:22-CV-01**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

## II. STANDARDS OF REVIEW

### Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 8 of 17 PageID #: 16903

**MCARDLE V. ANTERO**                                                   **1:22-CV-01**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides a district court with the authority to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike, however, is "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted). Material should be stricken when it "has no bearing on the subject matter of the litigation" and "its inclusion will prejudice the defendants." Jackson v. United States, No. 3:14-CV-15086, 2015 WL 5174238, at *1 (S.D.W. Va. Sept. 2, 2015).

### III. DISCUSSION

The Court herein dismisses Counts Three and Seven because section 37C-1-3 of the West Virginia Code does not create a cause of action, either express or implied. Counts Four and Six are additionally dismissed because they are barred by the Gist of the Action Doctrine. The motion to dismiss Plaintiff's request for

Case 1:22-cv-00001-TSK-MJA   Document 236   Filed 03/26/24   Page 9 of 17   PageID #: 16904

**MCARDLE V. ANTERO**                                                    **1:22-CV-01**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

attorneys' fees and punitive damages is denied at this juncture. Finally, the Court denies the motion to strike the class allegations because they are sufficiently pled.

### A. Counts Three and Seven are dismissed because section 37C-1-3 of the West Virginia Code does not create a cause of action.

In Counts Three and Seven, Plaintiff asserts claims under section 37C-1-3 of the West Virginia Code, arguing that Antero breached its statutory obligation to pay interest. Antero argues that the claims should be dismissed for numerous reasons, one of which is that section 37C-1-3 does not create a cause of action. The Court agrees.

Section 37C-1-3 states,

> All regular production payments from horizontal wells due and owing to an interest owner shall be tendered in a timely manner, which shall not exceed 120 days from the first date of sale of oil, natural gas, or natural gas liquids is realized and within 60 days thereafter for each additional sale, unless such failure to remit is due to lack of record title in the interest owner, a legal dispute concerning the interest, a missing or unlocatable owner of the interest, or due to conditions otherwise specified in this article. Failure to remit timely payment for horizontal wells shall result in a mandatory additional payment of an interest penalty to be set at the prime rate plus an additional two percent until such payment is made, to be compounded quarterly. The prime rate shall be

Case 1:22-cv-00001-TSK-MJA Document 236 Filed 03/26/24 Page 10 of 17 PageID #: 16905

**MCARDLE V. ANTERO**                                               **1:22-CV-01**

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

> the rate published on the day of the sale of oil, natural gas, and natural gas liquids in the Wall Street Journal reflecting the base rate on corporate loans posted by at least 75 percent of the nation's 30 largest banks.

W. Va. Code § 37C-1-3.

Upon review, the Court agrees with Antero that section 37C-1-3 does not create a cause of action, express or implied. Rather, by its plain language, it creates a remedy, in the form of an interest penalty, for royalty payments made after the statutorily required time periods. Accordingly, Antero's partial motion to dismiss is **GRANTED** in this respect, and Counts Three and Seven are **DISMISSED** to the extent that Plaintiff asserts them as standalone causes of action.

    **B.**   **Counts Four and Six are dismissed because they are barred by the Gist of the Action Doctrine.**

In Counts Four and Six, Plaintiff asserts claims of constructive fraud against Antero. Antero argues that the claims should be dismissed for several reasons, one of which is that they are barred by the Gist of the Action Doctrine. The Court agrees.

Under West Virginia law, "[i]f the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract,

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

whatever may be the form of the pleading." Cochran v. Appalachian Power Co., 246 S.E.2d 624, 628 (W. Va. 1978). The purpose of the Gist of the Action Doctrine is to "prevent the recasting of a contract claim as a tort claim." See Rodgers v. Sw. Energy Co., No. 5:16-CV-54, 2016 WL 3248437, at *4 (N.D.W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015)).

Under the Gist of the Action Doctrine, "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D.W. Va. 2018) (quotation marks omitted) (citing Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3-4 (N.D.W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619 (W. Va. 2002)). The Supreme Court of Appeals has found that "recovery in tort will be barred" where any of the following four factors is present:

> (1) where liability arises solely from the contractual relationship between the parties;
>
> (2) when the alleged duties breached were grounded in the contract itself;
>
> (3) where any liability stems from the contract; and

Case 1:22-cv-00001-TSK-MJA Document 236 Filed 03/26/24 Page 12 of 17 PageID #: 16907

MCARDLE V. ANTERO 1:22-CV-01

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). A plaintiff may not maintain a separate tort claim if the defendant's "obligations are defined by the terms of the contract" between the parties. Id. (citation omitted).

As recently as 2018, this Court applied the Gist of the Action Doctrine in a similar case, and in 2023, the decision was deemed "well-supported" by the United States Court of Appeals for the Fourth Circuit. See Corder v. Antero Res. Corp., 57 F.4th 384, 404 n.12 (4th Cir. 2023). In Corder, this Court wrote,

> Here, the alleged fraud arises solely from the contractual relationship between the plaintiffs and the defendants (i.e., the leases at issue). As noted, the plaintiffs' fraud claims are grounded in allegations that the defendants have made material misrepresentations related to royalties owed to the plaintiffs under the relevant leases, and that the defendants have wrongfully reduced the plaintiffs' royalty payments. It is clear that the misrepresentations alleged in the amended complaints all relate to royalty payments owed to the plaintiffs and are thus directly tied to the duties and obligations assumed in the relevant leases. Gaddy, 746 S.E.2d at 586. In other words, the

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

> claims do not arise independently of the existence of a contract. CWS Trucking, 2005 WL 2237788, at *2. Rather, Antero's alleged liability for these claims "stems from" the leases and the plaintiffs' fraud claims against Antero thus are barred by the gist of the action doctrine.

Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 723 (N.D.W. Va. 2018), aff'd, 57 F.4th 384 (4th Cir. 2023).

Here, as in Corder, the allegations "all relate to royalty payments owed to the plaintiff[] and are thus directly tied to the duties and obligations assumed in the relevant leases." Corder, 322 F. Supp. at 723 (citing Gaddy, 746 S.E.2d at 586). In other words, again, "the claims do not arise independently of the existence of a contract." Id. Rather, Antero's "alleged liability 'stems from' the leases" here as well. Id.

The Gaddy factors weigh in favor of applying the Gist of the Action Doctrine. Antero's liability to Plaintiff arises from the contractual relationship between the parties. The duties allegedly breached were grounded in the leases, and the success of the constructive fraud claims is dependent upon the success of the breach of contract claims. In other words, without a breach of the leases, Plaintiff cannot succeed on claims of constructive fraud.

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

Plaintiff argues that it would be premature to apply the Gist of the Action Doctrine, which should be presented in a motion for summary judgment. The Court finds Plaintiff's arguments unconvincing because, as discussed above, the Fourth Circuit recently found this Court's application of the Gist of the Action Doctrine at the pleading stage to be well-supported. Therefore, the Court finds that Counts Four and Six are barred by the Gist of the Action Doctrine. Antero's partial motion to dismiss is **GRANTED** in this respect, and Counts Four and Six are **DISMISSED**.

C. **At this juncture, the Court denies Antero's motion to dismiss Plaintiff's requests for attorneys' fees and punitive damages.**

The only claims remaining are those for breach of contract in Counts One, Two, and Five. Antero argues that Plaintiff may not, therefore, recover punitive damages or attorneys' fees. It is true that generally, in West Virginia, punitive damages are unavailable in pure contract actions. See Warden v. Bank of Mingo, 341 S.E.2d 679, 684 (W. Va. 1985). Similarly, generally, a plaintiff may not recover attorneys' fees for a breach of contract. See Mills Wetzel Lands, Inc. v. EQT Prod. Co., No. 5:18-CV-23, 2019 WL 286748, at *7 (N.D.W. Va. Jan. 22, 2019). At this stage of the litigation, however, the Court will not foreclose the

Case 1:22-cv-00001-TSK-MJA Document 236 Filed 03/26/24 Page 15 of 17 PageID #: 16910

MCARDLE V. ANTERO                                                    1:22-CV-01

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO
RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE
CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS
ACTION COMPLAINT [ECF NO. 98]**

possibility that attorneys' fees or punitive damages will be warranted. The Court, therefore, **DENIES** Antero's partial motion to dismiss in this respect.

> D. **The motion to strike the class allegations is denied at this stage because the class allegations are sufficiently pled.**

Antero argues that the Court should strike the class allegations because Plaintiff has failed to plead numerosity, the class allegations are overbroad, and no class is ascertainable. Plaintiff responded in opposition, arguing that the allegations are adequately pled and dismissal would be premature.

Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the party seeking class certification must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

As discussed above, a motion to strike is viewed with disfavor. See Gilmore, 252 F.3d at 347. Even more disfavored are motions to strike class allegations:

> A motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.

Blagman v. Apple Inc., No. 12 Civ. 5453, 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013). "Still, "[w]here the inability to maintain the suit as a class action is apparent from the face of the complaint, a court may dismiss the class allegations on the pleadings." Cornette v. Jenny Garton Ins. Agency, Inc., No. 2:10-CV-60, 2010 WL 2196533, at *2 (N.D.W. Va. May 27, 2010); see also Waters v. Electrolux Home Prods., Inc., No. 5:13-CV-151, 2016 WL 3926431, at *6 (N.D.W. Va. July 18, 2016) (striking plaintiffs' class allegations as facially deficient).

Here, the Court finds that Plaintiff's class allegations are sufficiently pled. Given the stage of litigation and the disfavored view of motions to strike, especially motions to strike class allegations, it would be inappropriate to strike the class

**MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANT ANTERO RESOURCES CORPORATION'S PARTIAL MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS OF THE SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [ECF NO. 98]**

allegations in this case at this juncture. Antero's motion to strike is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Antero's partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and the motion to strike is **DENIED** [ECF No. 98].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 26, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA