IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MCARDLE FAMILY PARTNERSHIP,**

    **Plaintiff,**

v.                                                                  **CIVIL NO. 1:22-CV-01**
                                                                                     **(KLEEH)**

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

## ORDER GRANTING MOTION TO CERTIFY [ECF NO. 275]

On March 29, 2024, the Court entered a *Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment [ECF No. 100] and Denying Plaintiff's Cross-Motion for Summary Judgment [ECF No. 110]* [ECF No. 238] (the "Mem Op"). In the Mem Op, the Court dismissed Count Two with prejudice and effectively dismissed Defendants Key Oil Company and Franklin L. Butler from the case. Plaintiff appealed the ruling, but the United States Court of Appeals for the Fourth Circuit found that it lacked jurisdiction. Plaintiff has now moved the Court to certify the Mem Op under Rule 54(b) of the Federal Rules of Civil Procedure. Defendant does not oppose the request.

Rule 54(b) provides,

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties

> only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court follows a two-part test in making determinations under Rule 54(b). See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). "[A] district court must first determine that it is dealing with a 'final judgment.'" Id. (citation omitted). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (citation omitted). Second, "the district court must go on to determine whether there is any just reason for delay." Id. at 8. The Fourth Circuit has established factors relevant for determining whether there is any "just reason for delay." See Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1335, 1335-36 (4th Cir. 1993). The factors are as follows:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or

>           absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id.

For the reasons discussed by Plaintiff, and given the lack of opposition by Defendant, the Court finds that the Mem Op is a final judgment and that the Braswell factors weigh in favor of certification. The Court finds that there is no just reason for delay. Accordingly, Plaintiff's motion is **GRANTED** [ECF No. 275], and the Court **CERTIFIES** the Mem Op [ECF No. 238] as a final, appealable judgment under Rule 54(b).

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record.

DATED: May 20, 2025

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA